### JABLON v. LEADER NOVELTY CANDY CO., Inc.

### SAME v. P. L. ANDREWS CORPORATION.

Nos. 7798, 7818.

District Court, E. D. New York.

May 4, 1936.

Thomas A. Hill, of New York City, for plaintiff.

Tipple & Plitt, of New York City (George D. Richards, of New York City, of counsel), for defendants.

BYERS, District Judge.

These patent infringement suits were tried together, and involve the plaintiff's patent No. 1,553,793 granted September 15, 1925, on application filed May 21, 1923.

The defendants are respectively the manufacturer (P. L. Andrews Corporation) and a distributor (Leader Novelty Candy Company, Inc.) of the offending device.

The patent is for a candy package, namely, a folding box made from a single blank of cardboard containing scored creases for folding; when folding has been accomplished and tabs and flaps have been properly brought into position, a closed box for candy is formed in the general contour of a toy automobile suitable for use as a child's toy.

Claims 1 and 2 are relied upon, and read as follows:

"1. As a new article of manufacture, a box or carton comprising sides, back, front, top and bottom cut from a single sheet of material arranged to form a totally enclosed receptacle body, said body having a reduced end portion and supporting means constructed to simulate in appearance a hood and wheels respectively of an automobile.

"2. As a new article of manufacture, a box or carton composed of a single folded blank which when folded forms a totally enclosed receptacle having a reduced end and supporting portions to simulate in appearance a hood and wheels respectively of an automobile."

The defendants' structure is a similar device, and when folded into final form presents likewise the contour of a motor vehicle, differing only in appearance by presenting a sloping hood of the toy automobile, and having a vertically projecting narrow flap, in the center of the top, extending to and beyond the rear of the body.

The defendants' box is colored and decorated with figures to represent a miniature fire truck, containing firemen, and the projecting flap above referred to is decorated to represent fire apparatus ladders, while the plaintiff's box is decorated to represent a sedan car.

Concededly the decorations are designs, and the question of infringement depends entirely upon a comparison of the undecorated boxes.

The defendants urge that the plaintiff's box must be strictly held to one having the kind of "reduced end portion" which is shown in the drawings, namely, one in which the windshield and hood of the motorcar are separately shown, the first sloping at an angle down to the top of the hood, and the second in a nearly horizontal plane to the radiator. It is true that the plaintiff's box so closes at its front end. The specifications state on this subject:

"The front 4 is made at opposite edges with tabs 20 and 21 respectively, both being preferably relatively long and having fold lines 22 and 23 respectively at their lines of juncture with the front 4. The tab 20 is

divided by two parallel fold lines 24 and 25 respectively, so that the end portion 26 of the tab 20 constitutes a securing tongue while the intermediate sections 27 and 28 form covering sections to simulate the wind shield and hood top respectively, as indicated most clearly in Figs. 3 and 4."

The defendants' box has a front end closed by one piece which is a continuation of the top member and folds down over side and end tabs and tucks in, toward the rear, with a tongue bent so as to securely accomplish that purpose. In both boxes, wheels are simulated by four cut-out semicircles in appropriate position.

The defendants call the front end of their structure *truncated* and it is true that its reduced end portion is not so scored and folded that the windshield and the hood are separately presented to the eye, but are rather merged in the forward slant of the box.

The defendants argue that this difference in the construction of the two boxes is fundamental and thereby relieves the defendants of infringement.

The claims do not specify the windshield as a separate element of the reduced end, and unless they can be so restricted by reason of the language quoted from the specifications, the argument must fail.

It is thought that the reduced end portion of the plaintiff's structure, so constructed as to simulate the hood of an automobile, has been consistently presented throughout prosecution of the patent, as contrasting his device from prior receptacles; the inclusion of reference to the windshield in the specifications was descriptive merely and did not constitute a limitation upon the form of his box.

Both boxes therefore have a reduced end portion, simulating the hood of an automobile, and the finding is hereby made, that infringement by the defendants is shown.

Little need be said on the subject of validity.

The patent is narrow, but definite. The evidence is consistent only with a finding of commercial success commensurate with a device which at best can command only temporary and intermittent popularity.

The prior art (Brown, No. 953,593, and Warren, No. 979,812) selected by defendants as closest to the plaintiff's patent do not teach a candy box having a reduced end portion simulating the hood of an automobile. The Examiner passed the claims in suit after having cited these two patents, and no good reason is suggested for reaching a different conclusion in the light of what has here been shown at the hearing in court.

It is concluded that, within the narrow confines of the claims, the patent must be held valid, and a decree for plaintiff may be taken.

If the foregoing is not deemed a sufficient compliance with Equity Rule 70½ (28 U.S.C.A. following section 723), findings may be settled, with the decree.